United States District Court
Southern District of Texas
**ENTERED**
May 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ARELI DEL CARMEN HERNANDEZ TECUN, Petitioner, | § § § § § | CIVIL ACTION NUMBER 4:26-cv-03641 |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| RANDY TATE, *et al*, Respondents. | § § | |

**ORDER ON DISMISSAL**

Areli Del Carmen Hernandez Tecun filed a petition for writ of *habeas corpus* under 28 USC §2241 on May 6, 2026. Dkt 1. She acknowledges illegal entry into the United States at a prior date but nonetheless asserts that her present detention under 8 USC §1225(b) violates constitutional guarantees of due process and equal protection. Id at 4–13.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government for summary judgment. Dkt 5. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 1–3. It further contends that each of Petitioner's claims fail on the merits. Id at 3–17.

Petitioner in the main argues on reply with respect to due process, suggesting that her individual circumstances and background distinguish her case from prior decisions. See Dkt 6 at 3–7.

As noted in prior order, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

- o *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas* as to post-removal-order detention.

- o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that (i) disparate treatment between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection, (ii) claims under the *Accardi* doctrine as to lawfulness of arrest fail because an illegal

2

arrest has no bearing on the legality of detention following arrest, and (iii) claims under the Suspension Clause necessarily fail to the extent that petitions are addressed on the merits.

o *Guerra Hernandez v Frink*, 4:26-cv-01001 (SD Tex, Apr 21, 2026): Holding that Justice Kennedy's concurrence in *Demore v Kim*, 538 US 510 (2003), is not controlling authority under the *Marks* rule.

The arguments presented in the petition and reply brief raise only issues resolved to the contrary in the decisions cited above. Factual contentions in Petitioner's reply brief don't meaningfully distinguish her case or avoid the otherwise clearly applicable mandate of §1225(b). See Dkt 6 at 3–7. Petitioner thus hasn't established that her current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Areli Del Carmen Hernandez Tecun is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on ___May 27, 2026___ , at Houston, Texas.

_____

Honorable Charles Eskridge
United States District Judge

3